```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

WILLIAM SMITH,                    )
        Petitioner,               )
                                  )    CRIM. NO. 97-10025-PBS
        v.                        )
                                  )    (C.A. NO. 09-10959-PBS)
UNITED STATES OF AMERICA,         )
        Respondent.               )
                                  )
```

## MEMORANDUM AND ORDER

July 24, 2009

Saris, U.S.D.J.

For the reasons stated below, the Court denies the Motion to Correct Sentence Pursuant 28 U.S.C. § 2255(f)(3).

### I.   BACKGROUND

In June 1997, Smith was convicted by a jury for being a felon on possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); he was later sentenced to 262 months in prison. Smith's conviction was affirmed by the First Circuit in 2002. See United States v. Smith, 292 F.3d 90, 92 (1st Cir. 2002).

In 2004, Smith challenged his conviction in a motion under 28 U.S.C. § 2255. See Smith v. United States, C.A. No. 04-11049-PBS (D. Mass.). On August 2, 2005, this Court granted the government's motion to dismiss on the ground that the § 2255 motion was untimely. See id. (docket entry #14). Both this Court and the Court of Appeals denied his motion for a certificate of appealability. See id. (electronic order dated

9/6/2005; docket entry #23).

In 2007, Smith brought a habeas petition under 28 U.S.C. § 2241 in which he challenged the validity of his conviction. See Smith v. United States Dep't of Justice, C.A. No. 07-40247-PBS (D. Mass.).  The Court denied the petition on the ground that Smith had not shown that a § 2255 motion was ineffective or inadequate to challenge his conviction or sentence.  See id. (docket entry #3).  The Court also stated that, if Smith wished to pursue any further challenges to his conviction or sentence, he was required to first seek permission from the First Circuit to file a second or successive § 2255 motion.  The First Circuit upheld this Court's dismissal of the § 2241 petition.  See id. (docket entry #12).

Smith subsequently unsuccessfully petitioned the First Circuit for permission to file a second or successive § 2255 petition.  See Smith v. United States, App. No. 08-1851 (1st Cir. July 31, 2008).  The First Circuit sated that "[i]t is pellucid that Smith does not advance any issued relating either to newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review."  Id. (citing 28 U.S.C. § 2244(b)(3)).

On June 4, 2009, Smith filed another motion under 28 U.S.C. § 2255 to correct his sentence, which was docketed in this

criminal action (docket entry #134).[1]  Smith asks this Court to correct "the illegal part of his sentence when he was enhanced beyond the statutory maximum [which] requires a jury finding beyond a reasonable doubt."  Mot. at 1.  Smith argues that, under 28 U.S.C. § 2255(f)(3), the motion is timely because it was filed within one year of the Supreme Court's decision in Oregon v. Ice, 129 S. Ct. 711 (2009).

The government has opposed the motion on the ground that Smith must receive permission from the First Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255.  The government also briefly argues that Ice did not announce a newly recognized right that applies retroactively to cases on collateral review.

## II.  DISCUSSION

Under 28 U.S.C. § 2255, a petitioner must receive permission from the court of appeals to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255 (h); 28 U.S.C. § 2244.  Under this gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2).

Here, because Smith has already filed a § 2255 motion, he

---

[1] A separate "shell" civil action was also opened for administrative purposes.  See Smith v. United States, C.A. No. 09-10959-PBS.

3

must receive permission from the First Circuit Court of Appeals to file a second or successive § 2255 motion before this Court can adjudicate any such motion.

Because Smith has not sought permission from the First Circuit Court of Appeals to file the instant § 2255 motion, the Court must deny the motion.  The denial is without prejudice to refiling the motion if Smith receives permission from the First Circuit Court of Appeals to do so.

### III.   CONCLUSION

ACCORDINGLY, the Motion to Correct Sentence Pursuant 28 U.S.C. § 2255(f)(3) (docket entry #134) is DENIED.

The Clerk shall dismiss and close Civil Action No. 09-10959-PBS.


SO ORDERED.

| | |
|---|---|
| 7/24/09 | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |