```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

WILLIAM SMITH,                       )
      Petitioner,               )
                                  )
      v.                          )     CRIM. NO. 97-10025-PBS
                                  )
UNITED STATES OF AMERICA,            )
      Respondent.               )
                                  )

**MEMORANDUM AND ORDER**

May 15, 2013

Saris, C.J.

For the reasons stated below, the Court dismisses the "criminal complaints" filed by William Smith.

## I. BACKGROUND

In June 1997, Smith was convicted by a jury for being a felon on possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); he was later sentenced to 262 months in prison. Smith's conviction was affirmed by the First Circuit in 2002. See United States v. Smith, 292 F.3d 90, 92 (1st Cir. 2002). Smith unsuccessfully challenged his conviction in a motion under 28 U.S.C. § 2255 ("§ 2255"). See Smith v. United States, C.A. No. 04-11049-PBS (D. Mass.). In 2007, he unsuccessfully sought relief from his conviction through a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. See Smith v. United States Dep't of Justice, C.A. No. 07-40247-PBS (D. Mass.). In 2008, the First Circuit denied his petition for permission to file a second or successive § 2255 motion. See Smith v. United States, App. No. 08-1851 (1st Cir. July 31, 2008).

Smith then sought to challenge his sentence under § 2255. See United States v. Smith, Crim. No. 97-10025-PBS (docket entry #134). The motion was denied as an unauthorized successive § 2255 motion. See id. (docket entry #138). The First Circuit denied two subsequent applications to file successive § 2255 motions. See Smith v. United States, App. Nos. 09-2254, 10-1632.

Smith is now attempting to attack his sentencing enhancement by another vehicle: so-called "criminal complaints" against the prosecuting attorney and this Court. In the first "criminal complaint" (docket entry #141), Smith alleges that Assistant United States Attorney Robert E. Richardson was without authority to file a sentencing memorandum in August 1998 because he had not taken and filed an oath of office prior to that time. In the second "criminal complaint" (docket entry #142), Smith alleges that the Court and AUSA Richardson conspired to allow the false testimony, which resulted in an enhanced sentence. In both documents, Smith argues that as a result of the alleged criminal conduct of AUSA Richardson and the Court, his sentencing enhancement under U.S.S.G. 4B1.4(b)(3)(A) was in violation of the law. He represents that he would have completed his sentence by this time but for the improper enhancement.

## II.   DISCUSSION

Smith purports to bring these "criminal complaints" under 5 U.S.C. §§ 2906, 3331, 3332, 18 U.S.C. §§ 371, 1622, 1623, and 28 U.S.C. §§ 543, 544. The Court will not take any action on the pleadings because a private citizen cannot file a criminal

complaint in federal court nor is there a federal right to require the government to initiate criminal proceedings.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).  Further, none of the statutes invoked by Smith give rise to a private right of action in a civil context.

Moreover, Smith cannot avoid the limitations on successive § 2255 motions by attacking his conviction or sentence through "criminal complaints" or other creatively-titled pleadings.  See United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651); see also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.").

### III.  CONCLUSION

ACCORDINGLY, the "criminal complaints" (docket entries #141, #142) are DISMISSED.


SO ORDERED.

| | |
|---|---|
| May 15, 2013 | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | CHIEF, U.S. DISTRICT JUDGE |